Ryan L. Gentile, Esq.
Law Offices of Gus Michael Farinella, PC
110 Jericho Turnpike - Suite 100
Floral Park, NY 11001
Tel: 201-873-7675
Attorney for Plaintiff, Maureen Debiase,
on behalf of herself and all others similarly situated

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
---------------------------------------------------------X
Maureen Debiase, on behalf of herself
and all others similarly situated,

                      Plaintiffs,

   v.

Midland Credit Management, Inc.

        Defendant.
---------------------------------------------------------X

**CLASS ACTION COMPLAINT**

Plaintiff, by and through her counsel, Ryan Gentile, Esq., as and for her complaint against the Defendant, on behalf of herself and pursuant to Rule 23 of the Federal Rules of Civil Procedure all others similarly situated, alleges as follows:

## INTRODUCTION

1. Plaintiff, on her own behalf and on behalf of the class she seeks to represent, brings this action to secure redress for the debt collection practices utilized by Midland Credit Management Inc. ("MCM") in connection with their attempts to collect alleged debts from Plaintiff and others.

2. Plaintiff alleges that the Defendant's collection practices violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA")

3. The FDCPA broadly prohibits conduct which harasses, oppresses or abuses any debtor; any false, deceptive or misleading statements in connection with the collection of a debt; unfair or unconscionable collection methods; and requires certain disclosures. 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

4. The FDCPA is generally characterized as a "strict liability" statute because "it imposes liability without proof of an intentional violation." Glover v. FDIC, 698 F.3d 139 (3d. Cir. 2012) (citing Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 368 & n. 7 (3d Cir. 2011).

## JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue and personal jurisdiction in this District are proper because:
    a. The acts giving rise to this lawsuit occurred within this District; and
    b. Defendant does business within this District.

## PARTIES

7. Plaintiff, Maureen Debiase is an individual natural person who at all relevant times resided in the City of Montclair, County of Essex, State of New Jersey.

8. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. Defendant MCM is a Kansas Corporation with its principal place of business located at 2365 Northside Drive, Suite 300 San Diego, CA 92108.

10. MCM is a purchaser of defaulted debt. MCM's business model is to pay less than ten cents on the dollar for a defaulted debt and then seek to collect the full amount.

11. The principal purpose of MCM is the collection of debts using the mail and telephone.

12. Debt collection is the principal purpose of MCM's business.

13. Debt collection is MCM's only business.

14. MCM exists solely for the purpose of purchasing and then seeking to collect defaulted debt.

15. MCM does not offer or extend credit, they only purchase defaulted debt and then attempt to collect said debt.

16. MCM regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

17. MCM is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

## **FACTS**

18. Sometime prior to May 1, 2019, Plaintiff allegedly incurred a debt to Capital One Bank (USA) N.A. ("Capital One Bank") related to a personal credit card account in Plaintiff's name (the "Debt").

19. The Debt arose out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely fees emanating from a personal credit card account in Plaintiff's name that was issued by Capital One Bank.

20. The Debt arose out of a credit card account which Plaintiff opened for her personal use.

21. Plaintiff's credit card account that was issued by Capital One Bank was neither opened nor used by Plaintiff for business purposes.

22. Plaintiff's personal credit card account Debt to Capital One Bank is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. Sometime after the incurrence of the Debt, but before the initiation of this action, Plaintiff was alleged to have fallen behind on payments owed on the alleged Debt.

24. The alleged Debt went into default because of non-payment.

25. After the alleged Debt went into default, the Debt was allegedly sold by Capital One Bank to MCM.

26. The alleged Debt was in default when it was allegedly purchased by MCM.

27. MCM claims it purchased the Debt and is now the entity to whom the Debt is owed.

28. At all times relevant hereto, Defendant acted in an attempt to collect the Debt.

29. On or about June 13, 2019, MCM mailed or caused to be mailed a letter to Plaintiff (the "Letter". (Annexed and attached hereto as Exhibit A is a copy of the letter dated June 13, 2019 that MCM mailed to the Plaintiff, except the undersigned counsel has in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and Plaintiff's street address to protect her privacy)

30. MCM mailed the Letter as a part of their efforts to collect the Debt.

31. The Letter was mailed in a yellow envelope, encased in a white envelope. The yellow envelope stated "TIME SENSITIVE DOCUMENT" on it and was visible through a glassine window in the white envelope to anyone who viewed the envelope. (Annexed and attached hereto as Exhibit B is a copy of the envelope MCM's June 13, 2019 Letter was mailed in).

32. Plaintiff received the Letter attached as Exhibit A in the envelope attached as Exhibit B in the mail.

33. Plaintiff read the letter attached as Exhibit A upon receipt of the letter in the mail.

34. Exhibit A was sent in connection with the collection of the Debt.

35. Exhibit A seeks to collect the Debt.

36. Exhibit A conveyed information regarding the Debt including the Balance Due, MCM Account number and a demand for payment.

37. The letter attached as Exhibit A is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

38. The letter attached as Exhibit A is the first written communication Plaintiff received from MCM regarding the Debt.

39. The letter attached as Exhibit A is the first written communication that MCM sent to Plaintiff regarding the Debt.

40. Exhibit A represents MCM's initial collection "communication" with Plaintiff as "communication" is defined by 15 U.S.C. § 1692a(2).

41. MCM collection practice is a high-volume practice.

42. MCM's debt collection practice is largely automated and utilizes standardized form letters.

43. Documents in the form represented by Exhibit A are regularly sent by MCM in envelopes in the form of Exhibit B which state "TIME SENSITIVE DOCUMENTS" on them.

44. Exhibit A is a standardized form letter.

45. Exhibit A is a computer-generated form letter.

46. Exhibit B is a standardized form envelope used by MCM was mailing collection letters to consumers.

47. MCM mailed or caused to be mailed letters in the form of <u>Exhibit A</u> in envelopes in the form of <u>Exhibit B</u>, over the course of the past year to hundreds of New Jersey consumers from whom MCM attempted to collect a consumer debt originally owed to Capital One Bank that went into default and was later allegedly purchased by MCM.

**CLAIMS FOR RELIEF**

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**(15 U.S.C. §1692f)**

48. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

49. The conduct of the Defendant in this case violates 15 U.S.C. §§ 1692, 1692f, and 1692f(8).

50. The FDCPA at §1692f and §1692(f)(8) provides:

>   A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section
>
>> (8) Using **any language** or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business. (emphasis added)

51. Defendant violated 15 U.S.C. §1692f and §1692(f)(8) by sending the letter attached as <u>Exhibit A</u> in the envelope attached as <u>Exhibit B</u> because the envelope which stated "TIME SENSITIVE DOCUMENT" on it used language not allowed by §1692(f)(8). *See* <u>Douglass v. Convergent Outsourcing</u>, 2014 WL 4235570 (3rd Cir. Aug. 28, 2014);

6

Preston v. Midland Credit Management, Inc. Slip Op. (7th Cir. Jan 21, 2020) (finding and envelope identical to the one attached as Exhibit B hereto violated 1692f(8)).

52. Defendant is liable to the Plaintiff and the proposed class pursuant to 15 U.S.C. §1692k because of the above FDCPA violations.

**CLASS ALLEGATIONS**

53. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

54. This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

55. The Class is initially defined as (a) all consumers (b) with a New Jersey address (c) to whom MCM sent a letter in an envelope in substantially the same form as Exhibit B to the Complaint which stated "TIME SENSITITIVE DOCUMENT" on it (d) in an attempt to collect a debt originally owed to Capital One Bank (USA), N.A., (e) which was not returned as undeliverable (f) on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

56. The class definition above may be subsequently modified or refined.

57. The proposed class specifically excludes the United States of America, the states of the Third Circuit, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Third Circuit and the United States Supreme Court.

58. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    i. **Numerosity**: The Plaintiff is informed and believes and on that basis alleges, that the class defined above is so numerous that joinder of all members would be impracticable. Upon information and belief, based on the fact that the Complaint involves a form envelope used by MCM to mail collection letters, there are at least 40 members of the class. The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery. The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by the Defendants.

    ii. **Common Questions Predominate**: There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) The existence of the Defendants' identical conduct particular to the matter at issue; (b) Defendants' violations of the FDCPA, specifically 15 U.S.C. §1692f; (c) The availability of statutory penalties; and (d) Attorneys' fees and costs.

    iii. **Typicality**: The claims of the Plaintiff are typical of those of the class they seek to represent. The claims of the Plaintiff and of each class member originate from the same conduct, practice, and procedure, on the part of

the Defendants. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts. Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

iv. **Adequacy**: Plaintiff will fairly and adequately protect the interests of each class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other members of each class. Plaintiff is willing and prepared to serve this Court and the proposed class. The interests of the Plaintiff are co-extensive with and not antagonistic to those of the absent class members. Plaintiff has retained the services of counsel who are experienced in FDCPA litigation and will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members. Neither the Plaintiff nor their counsel have any interests which might cause them to not vigorously pursue the instant class action lawsuit.

v. **Superiority**: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Furthermore, a class action is superior for the fair and efficient

adjudication of this matter because individual actions are not economically feasible, members of the class are likely to be unaware of their rights or that they were violated, and Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

**WHEREFORE**, the Court should enter judgment in favor of Plaintiff and the class and against Defendants for:

1. An order certifying that Count I may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and the undersigned counsel to represent the class previously set forth and defined above.
2. Adjudging that Defendant violated 15 U.S.C. §§ 1692f, and 1692f(8).
3. An award of statutory damages for Plaintiff and the class members pursuant to 15 U.S.C. §1692k;
4. Attorneys' fees, litigation expenses and costs of suit pursuant to 15 U.S.C. §1692k; and
5. Such other and further relief as the Court deems proper.

Dated: Floral Park, New York
January 23, 2020

By: /s/ Ryan Gentile
_____
Ryan Gentile, Esq.
*Attorney for Plaintiff*
110 Jericho Turnpike – Suite 100
Floral Park, NY 11001
Tel: (201) 873-7675
Fax: (212) 675-4367
rlg@lawgmf.com